Good morning, Your Honors. Peter Singh on behalf of the petitioner, Bob Moeun. The petitioner on this matter was charged as an aggravated felon under Section 101A.43a of the INA. He was convicted in the year 2004 under Section 243.4a of the California Penal Code. The government's recent authority that they provided on April 17th was relying on the matter on Lispy v. Gonzales, 420, 930, 9th Circuit. The government is the petitioner's position is that the government is mistaken in its position that it's an aggravated felony. Counsel, if the facts in count three of the complaint don't form the basis of your client's plea to sexual battery under California Penal Code Section 243.4a, what was the basis for that plea? There was no basis given, Your Honor, on the plea. The plea agreement just had the Section PC 243.4a. But I have the complaint right here. And it says, Honor, about January 1, 1997, through December 30, 1997, in the above-named Judicial District, the crime of a lewd act upon a child in violation of Penal Code 288a, a felony was committed by Bob Moeun, who did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon the body or certain parts or members thereof of Jane Doe, a child of the age of 14 years with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the said defendant or the said child. That's pretty explicit, isn't it? Yes, Your Honor, but, however, the respondent, he actually pled only to amend it on 3. The only amendment is the number. There's no amendment other than what's written in as the number of the charge, right? That is correct, Your Honor. But so that he pled to count 3, didn't he plead to the facts election count 3? Count 3 was essentially Your Honor, 243.4a. Yes. And that does not mention the age of the victim. It doesn't, but count 3, as amended, does. It specifies that she was 14 years old. That is, the position of the petitioner in this matter, Your Honor, is that when he entered the plea, he entered the plea with the understanding that he was pleading to only 243.4a. Right. And on his plea agreement, in paragraph 7, he says the facts on which I base my plea are I stipulate to a factual basis. So he hasn't specified any facts in his plea agreement. The only thing that we have is that he's pleading guilty to count 3, for which we've struck Section 288C1 and substituted 243.4a. But the facts haven't changed. Now, when he says I stipulate to a factual basis, but he hasn't admitted to any lesser facts than what are found in count 3, what are we supposed to do with that? Our position is that the court should look at the plea agreement and just do his The court section that he pled to. Isn't that sophistry? I mean, we're really talking about facts here. He pled guilty based upon the facts of count 3, that count 3 is very specific, that he committed lewd and lascivious acts on a 14-year-old girl. There's no question about that, is there? As to the – but when – that's correct, Your Honor. I don't have an answer to that. Okay. And under those circumstances, counsel, don't we really lack jurisdiction to review this matter? Because we're barred from considering removability for somebody who has committed sexual abuse of a minor, are we not? Under that, yes, Your Honor. So why are we here? I mean, it's a pleasure to see you. But other than that, I don't know why we're here, because we don't have jurisdiction if your client pled guilty to this crime, because Congress has made it very clear that we do not have jurisdiction in that case to hear this case. I assume that the only argument you could make is that when he signed and said that he pled guilty to Count 3, he was only talking about the statute, not the facts. That's correct. And if you lose that argument, then, as Judge Smith says, we're through. That's correct, Your Honor. That's been our argument, that he pled to the statute, and there's nothing else that comes in the plea that mentions as to the facts. Okay. I think we understand the issue. Thank you. Thank you, Your Honor. May it please the Court. Eric Marsteller for the Attorney General.  I think we understand the issue. All that dispute seems to be over is whether, by pleading guilty in the manner he did, signing the plea agreement, whether he adopted the factual statements in Count 3 or only the legal, you know, count section saying, I just pled to the statute. Doesn't that seem to be the only issue? For the most part, yes, Your Honor. We also did submit a 28-G letter earlier this week saying that the Court lacks jurisdiction because the conviction under which Mr. Muin pled guilty, section 243-4A, this Court has found as an aggravated felony as a crime of violence and that, therefore, under 242-A2C, this Court would lack jurisdiction. However, you're correct, Your Honor. The only other question is whether, under the modified categorical approach, it's clear that the victim was a minor. And as the Court has noted, we agree that the plea agreement as amended indicates that the victim was a minor and that, therefore ---- When he says, I stipulate to a factual basis, does that under ---- is that governed by California law or is that going to be governed by Federal law as to what that  I would imagine it's governed by State law. I'm not entirely sure. In California, if you recite, I stipulate to a factual basis, does that mean that you are just stipulating to the bare facts required for conviction under the law or does it mean that you have to stipulate to something else? I'm not certain of that, Your Honor. What is clear is that under California law, the complaint can only be amended if it's charging the same offense. For example, in People v. West, the Court said that it can only be amended if the defendant pleads to the same type of offense as that charged. So in this case, the amendment was for the same offense, so it's reasonable to conclude that the fact that it stated that the victim was a 14-year-old girl related to the amended complaint as well as the ---- But there also would have been facts in Count 3 that were not required in order to prove a conviction under 23.4, 243.4, right? That's correct, Your Honor. And the age difference, the 10-year age gap apparently is not an element. That's not. But it also doesn't ---- it doesn't alter the fact that he was still ---- he was still convictable under the original language. The facts in the original complaint don't contradict the fact that he was convicted under 243.4a. And as the California court law states, that they have to be reasonably related if an amendment is to occur. So we believe that the facts are reasonably related, or the charges are reasonably related. So if the Board reasonably concluded that the amended ---- the facts pled to were part of the amended charge. Moreover, the plea agreement says 243.4a, Count 3 as amended, and Count 3 on its face as amended doesn't change the facts. Well, forget the as amended part, because it's really kind of a red herring. The only amendment had to do with the code number, right? That's correct. Suppose he had just said, I plead guilty to ---- it's 243.4a, P.C. something, M.I.T., L.I.D., I don't know what that is, and then says Count 3 as amended. Suppose it didn't say Count 3 as amended. Would he then be pleading to the ---- all of the facts set forth in Count 3? It would be less clear. So ---- And if it just said Count 3, forget the as amended. If it just said Count 3, well, I'm not sure it could at that point, because Count 3 states 288. So he couldn't have pled guilty to 243 when the Count was ---- Well, isn't 243 written above that in place of 288? Hadn't it been amended by then? On the complaint, Your Honor, or the ---- Yeah. On the complaint, I misunderstood your question, Your Honor. Yes. Forget the Ali amendment. Suppose it had always had the right count. And in Count 3, it describes the facts as it does. And when he signed the plea form, it just said I ---- without ---- it didn't mention the count. It said, I plead guilty to 243.4a. That wouldn't include any particular ---- that wouldn't incorporate any particular facts. When it says Count 3 after it, do you think that means, therefore, he's incorporating everything stated in the information or indictment, not just the nature of the ---- not just the code section? But he's not simply pleading to a violation, but he's pleading to those facts by saying I plead guilty to Count 3? As amended. That's our position, Your Honor. Again, your question was it was not amended. But even if the original complaint said 243.4a, if the complaint included the fact that the victim was a minor, we would argue that he had pled guilty to those facts. However ---- If he had pled guilty to 243.4a and it hadn't been a minor, that would still have been a good plea, wouldn't it?  No. Whether it did or not, I mean, if you say ---- suppose he came in and said, look, all I want to do is plead guilty to 243.4a. He could have pled that without admitting that he pled to an offense against a minor. He would still be guilty of that offense. I believe that's correct, Your Honor. And if he had said to the judge, say, at a plea colloquy, look, I really wasn't a minor, but I did commit a violation of 243.4a, and I'll plead to that without pleading to all of the facts alleged in the complaint, but I'm still guilty of that offense, even though it's not a minor. He could have done that, right? I believe so, Your Honor. Even though he could have done that, following the modified categorical approach in this particular case, was not a copy of the complaint made available so that the court could review what he did plead to, which was specifically, specifically included the allegations regarding the 14-year-old. Absolutely, Your Honor. Judge Reinhardt, of course, is correct, is he not, that had the facts not been specific, had it not said that, then, of course, we would be without the confines of the immigration statute that would bar our consideration. That's correct. If the facts had no allegation that the victim was a minor, the government wouldn't be able to agree that we would not be able to sustain the charge that was alleged. The question I have, though, is what is it in saying I plead guilty to count three that says I plead guilty to all the facts alleged in count three? Well, in this case, based on the final modified categorical approach, the police says that he pled guilty to count three as amended. No, but the as amended just has a number, one number instead of another. However, as the Board noted, we would argue that the complaint could only be amended if it was based on the same charge, and Mr. Moen never denied the fact that the victim was a 14-year-old. In fact, his counsel during his presentation just now conceded the fact that the victim was a 14-year-old girl. Well, does this happen to be curious about whether by pleading to a count, you necessarily are adopting all the factual statements in the count? Or can you just say, yes, I plead guilty to count whatever it is, 243.4a. I committed an offense under that statute. We would argue that if you plead guilty to a specific count, you are admitting the facts stated therein. Before my time runs up, Your Honor, I want to get back to our, the argument we raised in our 20- I want to be sure that we clarify something here, though, because what Judge Reinhart has raised, if you're looking at the categorical approach and the statute on all fours could only include certain offenses, then you'd be okay. But in this particular case, that's why we have to use the modified categorical approach, because that 243.4a includes more than what would be a bar to our jurisdiction. So you really have to go with the modified categorical approach. You can't- If you're agreeing with what Judge Reinhart is saying, then you'd go down the slippery slope in my view, because you necessarily could find yourself outside the jurisdictional bar. So I guess I need to know what is the government's position. Are you sticking with the modified categorical approach, or are you adopting the idea that the statute on its face could only include allegations, if they were not specified, that would not bring it within this jurisdictional bar? Perhaps I misspoke, Your Honor. The government does not contend that the categorical approach is sufficient in this case. The statute clearly does not- it covers offenses that would not be sexually abusive in a minor. So we believe the modified categorical approach must apply in this case, and that the under that approach, the facts of the complaint and the plea agreement established that the Mr. Moen, the victim of his sexual abuse crime, or sexual battery crime, was a minor. I see that my time is up. No. See, the thing, and just plain to see what we should say, if we were to write an opinion, which we may not, what would we say about you would like us to say that whenever you plead, say I come in and say I plead guilty to count three, that means that you're necessarily agreeing to all of the facts, even though you would be guilty under count three, if some of the facts were incorrect. And if your lawyer says to you, look, you're dead under count three, it doesn't matter whether they said you had 80 pounds of marijuana or 40 pounds. Either way, you're guilty. So just plead guilty to count three, and you come in and say I plead guilty to count three, and then they say is there a factual basis for your guilty plea, you say yes, there's a factual basis. You don't say it's the factual basis set forth in the count, but there is a factual basis. That means you are pleading to everything they say, even though you never say that. In this case, Your Honor, I don't want to repeat myself, so let me, in this case, we would agree that yes, that when you plead guilty to a specific charge, a specific charge, yes, that you are also pleading to the facts. And as he stated in his plea agreement that he stipulated to the facts, we take that to mean that he stipulated to the facts stated within charge three of the complaint. He didn't say I stipulate to the facts. He says I stipulate to a factual basis. If he said I stipulate to the facts in count three, there's nothing to talk about. We, I guess the Board interpreted that to mean that he stipulated to, actually, I guess the Board didn't address it, but we would argue that he was stipulating to the facts stated within the complaint. And just on its face, the complaint indicates that the victim was a minor, and we feel that under the modified categorical approach, that is sufficient in this case to establish that it was a crime involving law. Kennedy. Thank you very much. And in this case, the Board also had the complaint, not just the plea agreement, right? Yes, sir. Thank you. This case, I argue, will be submitted. Next case on the calendar is
judges: Reinhardt, Bybee, M. Smith